IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **v.** ) | **CRIMINAL NO. 24-CR-00026-KD-MU** |
| ) | |
| **ZACHARY HEATON THAGGARD** ) | |

**FINAL ORDER OF FORFEITURE**

This action is before the Court upon the United States' motion for a Final Order of Forfeiture for the following property: **One Motorola Moto G Stylus 5G cellular phone, IMEI number 359797501157091**.

On April 22, 2024, Defendant Zachary Heaton Thaggard pled guilty to Count One (Conspiracy to Possess with Intent to Distribute Fentanyl) and Count Two (Possession with Intent to Distribute Fentanyl) of the Indictment in front of Magistrate Judge Murray, (Doc. 46). On May 8, 2024, the Court accepted Thaggard's guilty plea, (Doc. 50). The Indictment contained a forfeiture notice putting Thaggard on notice that the United States would seek forfeiture for the above identified property, (Doc. 1). In the written plea agreement, Thaggard agreed to forfeit "any right, title, and interest in all assets subject to forfeiture under the notice of forfeiture" in the Indictment, consented to the filing of a motion for preliminary order of forfeiture, and confessed to the requisite nexus between the property and the charge of conviction, (Doc. 41).

On May 10, 2024, the United States filed a motion for a preliminary order of forfeiture for the above identified property. In that motion, the United States established Thaggard's interest in the property and the nexus between the property and Thaggard's convictions for Count One and Count Two of the Indictment, (Doc. 52). On June 10, 2024, pursuant to 18 U.S.C. § 982(a)(2), 28 U.S.C. § 2461(c), and Fed. R. Crim. P. 32.2(b), the Court entered a preliminary

order of forfeiture for the property identified above, (Doc. 55).

In accordance with the provisions of 21 U.S.C. § 853(n) and Fed. R. Crim. P. 32.2(b)(6), the United States published notice of the forfeiture, and of its intent to dispose of the property identified above, on the official government website, www.forfeiture.gov, beginning on June 13, 2024, and ending on July 12, 2024. (Doc. 60). The publication gave notice to all third parties with a legal interest in the property to file with the Clerk of the Court, 155 St. Joseph Street, Mobile, AL 36602, and a copy served upon Assistant United States Attorney Gina S. Vann, 63 South Royal Street, Suite 600, Mobile, AL 36602, a petition to adjudicate their interest within 60 days of the first date of publication. No third-party filed a petition or claimed an interest in the property, and the time for filing any such petition has expired.

Further, pursuant to Fed. R. Crim. P. 32.2(b)(4)(A), forfeiture of the property identified on page one became final as to the defendant, Zachary Heaton Thaggard, at the time of sentencing and was made a part of the sentence and included in the judgment. (Doc. 97).

Thus, the United States has met all statutory requirements for the forfeiture of the property identified on page one, and it is appropriate for the Court to enter a final order of forfeiture.

**NOW, THEREFORE**, the Court having considered the matter and having been fully advised in the premises, it is hereby **ORDERED, ADJUDGED and DECREED** that for good cause shown, the United States' motion is **GRANTED.** Under 18 U.S.C. § 982(a)(2), 28 U.S. C. § 2461(c), and Fed. R. Crim. P. 32.2, all right, title, and interest in the property identified on page one is **CONDEMNED, FORFEITED and VESTED** in the United States for disposition according to law; and,

**IT IS FURTHER ORDERED** that the Drug Enforcement Administration or other duly

authorized federal agency take the property identified on page one into its secure custody and control for disposition according to law; and,

**IT IS FURTHER ORDERED** that pursuant to 21U.S.C. § 853(n)(7), the United States of America has clear title to the property identified on page one and may warrant good title to any subsequent purchaser or transferee; and,

**IT IS FURTHER ORDERED** that the Drug Enforcement Administration or other duly authorized federal agency is hereby authorized to dispose of the property identified on page one in accordance with the law; and,

**IT IS FURTHER ORDERED** that the Court shall retain jurisdiction in this case for the purpose of enforcing this Order.

**DONE AND ORDERED** this **16th day** of **January 2025**.

        /s/ Kristi K. DuBose
        **KRISTI K. DuBOSE**
        **UNITED STATES DISTRICT JUDGE**